IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————

No.96-10266

Summary Calendar

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CECIL BARRON ROSEMOND,
also known as Cecil Rosemond;
LENTHELL LALINCE ROSEMOND,

Defendants-Appellants.

———————

Appeal from the United States District Court
For the Northern District of Texas
USDC No. 3:95-CR-246-T

———————

February 14, 1997

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Cecil Rosemond and Lenthell Rosemond appeal their convictions for conspiracy to commit

bank robbery, aiding and abetting the entry into a bank to commit robbery, aiding and abetting armed

bank robbery, and aiding and abetting the carrying of a firearm during a crime of violence.

---

    [*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Cecil Rosemond's sole argument on appeal, that the district court abused its discretion in failing to grant a mistrial, lacks merit. Rosemond has not shown that, in the context of the whole trial, the improperly admitted evidence was so prejudicial that it had a substantial impact on the verdict. *See U.S. v. Ramirez*, 963 F.2d 693, 699 (5th Cir.), *cert. denied*, 506 U.S. 944 (1992). The district court properly instructed the jury to disregard the statement in question, and did not abuse its discretion by denying Rosemond's motion for a mistrial.

Our review of the record and the arguments reveals no reversible error with respect to Lenthell Rosemond, either. The district court's decision to sentence him to concurrent sentences on counts two and three did not constitute plain error or double jeopardy. *See Prince v. U.S.*, 352 U.S. 322, 327-29 (1957). There was sufficient evidence to prove that the bank was insured by the FDIC at the time it was robbed. *See U.S. v. Slovacek*, 867 F.2d 842 (5th Cir.), *cert. denied*, 490 U.S. 1094 (1989).

There was no reversible error in the trial court's decision to instruct the jury to disregard a statement from an FBI agent that he interviewed Rosemond rather than grant a mistrial. The trial court did not allow the prosecution to use defendant's silence for impeachment purposes; rather, the prosecutor was seeking to introduce into evidence Rosemond's statement to the FBI. The fact that the statement was ultimately not admitted did not create a *Doyle* situation. *See Doyle v. Ohio*, 426 U.S. 610 (1976) (prosecution may not use for impeachment purposes defendant's silence at the time of arrest or after receiving Miranda warnings).

Finally, the district court did not abuse its discretion by refusing to give Rosemond's requested instruction on intimidation. Defendant's theory is simply the nonexistence of an element of the offense. *U.S. v. Stone*, 960 F.2d 426, 432 (5th Cir. 1992). To prove the element of

2

"intimidation" the government "need show only that an ordinary person in the teller's position would feel a threat of bodily harm from the perpetrator's acts." *U.S. v. McCarty*, 36 F.3d 1349, 1357 (5th Cir. 1994). The district court adequately instructed the jury as to the elements necessary to prove "intimidation," so no abuse of discretion has been demonstrated.

AFFIRMED.